NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO MORENO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 14-71132<br><br>Agency No. A205-720-231<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Alfredo Moreno, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), for substantial evidence the agency's factual findings, and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The agency found Moreno statutorily ineligible for asylum, due to a conviction for an aggravated felony. *See* 8 U.S.C. § 1158(b)(2)(A)(ii). Moreno does not challenge this finding. Thus, we deny the petition as to Moreno's asylum claim.

With respect to withholding of removal, substantial evidence supports the BIA's finding that Moreno failed to establish any past or future harm was or would be based on a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Moreno's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Moreno failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of El Salvador if returned.

*See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Moreno's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**